### In re NATURAL BORN CITIZEN PARTY NATIONAL COMMITTEE; Harold W. Van Allen, Petitioners.

#### No. 15–3759.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
Jan. 22, 2016.

Opinion filed: Feb. 4, 2016.

Natural Born Citizen Party National Committee, Hurley, NY, pro se.

Before: FISHER, JORDAN and VANASKIE, Circuit Judges.

### OPINION *

PER CURIAM.

Harold Van Allen [1] petitions for a writ of mandamus. For the reasons below, we

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1. As no attorney has entered an appearance on behalf of the "Natural Born Citizen Party National Committee," the petition is dismissed as to that party. *See* 3rd Cir. L.A.R.

will deny the petition. While the petition is difficult to understand, it appears that petitioner seeks a stay of the 2016 general election pending the removal of the President, appointment of special masters to conduct a census, and the reapportionment of Congressional districts based on that census.

Pursuant to 28 U.S.C. § 1651(a), we may issue writs "necessary or appropriate in aid of [our] respective jurisdiction[ ] and agreeable to the usages and principles of law." A writ of mandamus will issue only in extraordinary circumstances. *See Sporck v. Peil,* 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

Regardless of whether removing the President, ordering a census, and reapportioning Congressional districts are within our jurisdiction, Petitioner has not shown a clear and indisputable right to such drastic relief. Moreover, we have already determined that petitioners such as Van Allen lack standing to challenge a President's eligibility to serve. *Kerchner v. Obama,* 612 F.3d 204 (3d Cir.), *cert. denied,* 562 U.S. 1082, 131 S.Ct. 663, 178 L.Ed.2d 513 (2010); *see also Berg v. Obama,* 586 F.3d 234 (3d Cir.2009). We concluded in *Kerchner* that the appeal was frivolous. Likewise, in denying a recent mandamus petition filed by Van Allen addressing this

issue, we advised him that frivolous and vexatious litigation may lead to sanctions and filing restrictions. We reiterate that warning.

The petition for a writ of mandamus is denied.

107.2. A non-attorney may not represent other parties. *See Osei–Afriyie v. Med. Coll. of Pa.,* 937 F.2d 876, 882–83 (3d Cir.1991) (non-lawyer parent cannot represent interests of his children). When a party is a corporation, partnership, or other organization or association that party may appear and be represent-

ed in this Court only by a licensed attorney who is also a member of this Court's bar. *See Simbraw v. United States,* 367 F.2d 373 (3d Cir.1966); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993).